UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| TANYA WELLS, ON BEHALF OF HER MINOR CHILD, S.G., | : : : | |
| and | : : | |
| YOLANDA THOMAS, ON BEHALF OF HER MINOR CHILD, J.G., | : : : | |
| Plaintiffs | : : | |
| v. | : : | Civil Action No.: 16-cv-00901-ESH |
| DONALD L. HENSE, *et al.* | : : | |
| Defendants. | : : | |

## DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS

COME NOW Defendants Donald L. Hense (hereinafter "Hense"), Friendship Public Charter School, Inc. (hereinafter "Friendship"), and Friendship Collegiate Academy Public Charter School (hereinafter "Academy"), by counsel, and in reply to Plaintiffs' Opposition to the Defendants' Motion to Dismiss Plaintiff' Complaint state:

## SUMMARY OF ARGUMENT

The Plaintiffs' Complaint does not allege facts sufficient to support any of the six counts. In addition, the Complaint fails to allege any independent basis of liability against Defendant Hense or Defendant Academy.

The Complaint fails to state a claim upon which relief can be granted under Title IX (Counts I and II). The Defendants response to the May 19, 2015 assaults was not clearly unreasonable in light of the circumstances. The Courts require a plaintiff alleging a violation of

Title IX for student-on-student harassment to allege the defendant responded with deliberate indifference – an admittedly "high standard" and a "difficult one." Mere negligence on the part of the Defendants and Plaintiffs' subjective dissatisfaction with the response does not constitute a title IX violation. The Plaintiffs do not come close to meeting this high standard in this case. The Plaintiffs Complaint sounds in negligence and therefore the Title IX claims should be dismissed.

Plaintiffs' Complaint also fails to state a claim upon which relief can be granted under 42 U.S.C. § 1983 (Counts III and IV) because the Defendants are not state actors. Plaintiffs have provided no basis to justify a departure from precedent in this context. Plaintiffs also fail to allege facts that establish either a violation of due process or equal protection rights under the Constitution. Similarly, the Plaintiffs fail to allege that Defendants' policy or custom caused the alleged violation of Constitutional rights.

The Complaint also fails to state a claim for gross negligence (Count V). Defendants did not demonstrate bad faith or a total disregard disregard for a risk that was so obvious that Defendants knew it was highly probable the harm would occur either before or after the May 19, 2015 incident. Likewise, the Plaintiffs failed to state a claim upon which relief can be granted for negligent infliction of emotional distress (Count VI). Defendants did not place Plaintiffs in danger of immediate physical harm when they failed to supervise the classroom.

Finally, Defendants request that the Complaint be dismissed against Defendants Hense and Academy because no separate basis for liability against these Defendants was plead.

**ARGUMENT AND AUTHORITIES**

**I.   PLAINTIFFS HAVE NOT SUFFICIENTLY ALLEGED TITLE IX VIOLATIONS IN COUNTS I AND II.**

The law requires that a school respond to student-on-student harassment in a way that is

not clearly unreasonable under the circumstances. The Supreme Court has adopted this standard because it provides "flexibility to account both for the level of disciplinary authority available to the school and for the potential liability arising from certain forms of disciplinary action." *Davis Next Friend LaShonda D. v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 649, (1999). The Supreme Court has also made clear that the burden placed on Title IX plaintiffs is a difficult one. "This is not a mere 'reasonableness' standard." *Id.* Rather, "[t]his high standard precludes a finding of deliberate indifference *in all but limited circumstances.*" See *Doe v. Bd. of Educ.*, 982 F. Supp. 2d 641, 654 (D. Md. 2013) (citing *Davis*, 526 U.S. at 643) (internal quotations omitted and emphasis added).

The Complaint does not meet the high standard in *Davis*. The Complaint in this case alleges that the May 19, 2015 assaults were investigated by the Defendants in conjunction with the police, that the victims parents were consulted, that various disciplinary measures were considered against the assailants, that Plaintiffs' educational needs were considered and accommodated, and that disciplinary measures were considered concerning alleged harassment by other students. The Defendants' response was not "clearly unreasonable" in light of the circumstances.

Plaintiffs' Opposition attempts to recast the allegations of negligent handling of the assaults as "intentionally deceitful" and deliberately indifferent in order to meet the "high standard" imposed by the *Davis* Court. But even the most liberal reading of the Plaintiffs' Complaint, with all reasonable inferences, does not create the intentional or deliberate indifference required to find a violation of Title IX.

Specifically, the Plaintiffs want this Court to infer from the facts alleged, that "defendants 'intentionally acted in clear violation of Title IX by remaining deliberately indifferent to acts of . . .

harassment of which it had actual knowledge." *Oppo* at 12-13. The Plaintiffs also attempt to recast the Defendants' alleged negligence by arguing Defendants "were *intentionally* deceitful in their statements to the victims." *Oppo.* at 11. The Court should not infer intentional deceit on the part of the Defendants when the Complaint only alleges negligence. The Complaint states:

> 97. Defendants friendship, Academy and hence *negligently* failed to take any action to correct, reprimand or discipline D. Be. For the misconduct engaged in on May 18 and 19, 2015.
> 98. Defendants friendship, Academy and hence *negligently* failed to take any action to correct, reprimand or discipline E. E. For the misconduct he engaged in on May 19, 2015.
> \* \* \*
> 160. Defendants friendship and the Academy *negligently* failed to provide any investigative findings to Wells and Thomas and never informed them of their available recourse.

Complaint at ¶¶ 97-98, 160.

It is well-settled law that negligence on the part of a school in handling harassment is insufficient to state a claim for title IX. "[W]e declined the invitation to impose liability under what amounted to a negligence standard . . . Rather, we concluded that the district could be liable for damages only where the district itself intentionally acted in clear violation of Title IX by remaining deliberately indifferent to acts of teacher-student harassment of which it had actual knowledge." *Davis* 526 U.S. at 642 (explaining *Gebser v. Largo Vista Independent School District,* 524 U.S. 274, 283 (1998). Courts have held that neither mere negligence in addressing sexual assault nor a school's failure to provide the remedy wanted by the victim constitutes deliberate indifference. *See, e.g., KF v. Monroe Woodbury Cent. Sch. Dist.,* 531 Fed.Appx. 132, 134 (2d Cir.2013); *Ostrander v. Duggan,* 341 F.3d 745, 751 (8th Cir.2003); *Doe v. Bd. of Educ. of Prince George's Cnty.,* 982 F.Supp.2d 641, 657–58 (D.Md.2013), *aff'd* 605 Fed.Appx. 159 (4th Cir.2014); *Oden v. Northern Marianas Coll.*, 440 F.3d 1085, 1089 (9th Cir. 2006).

In this case, the Defendants' alleged negligence and the alleged failure to cater to the Plaintiffs' subjective desire to punish or discipline student-on-student harassment is not sufficient to allege a violation of Title IX. The Complaint alleges that the May 19, 2015 assaults were investigated, that the victims parents were consulted, that various disciplinary measures were considered against the assailants, that Plaintiffs' educational needs were accommodated, and that various disciplinary measures were considered concerning alleged harassment by other students.

The Plaintiffs also suggest that the Defendants failed to adhere strictly to a policy concerning its investigation and disciplinary actions. Plaintiffs argue that the Defendants failed to do "virtually anything that they were required under title IX". *Oppo.* at 10. While the Complaint details disciplinary action described in the Parent/Student Handbook (Complaint ¶ 157), the Plaintiffs fail to demonstrate why an "Administrator Response or Long Term Suspension (6 to a maximum of 20 days) and Possible Recommendation for Expulsion" was mandated by Title IX on the facts of this case.

Instead, in the Opposition, the Plaintiffs rely on the Department of Education, *Questions and Answers on Title IX and Sexual Violence* (April 29, 2014) – a document that was not referred to in the Complaint and is non-binding. In addition, the Plaintiffs have employed circular logic in reliance on the *Questions and Answers.* The *Questions and Answers* provide non-binding guidance "[i]f the investigation reveals sexual violence created a hostile environment." But the allegations in the Complaint do not rise to the level of deliberate indifference creating a hostile environment in the first place.

To the contrary, Defendants response based on the allegations in the Complaint was not clearly unreasonable. Therefore, the Defendants were not liable for having created a hostile environment or for retaliation. Therefore, Count I and II of Plaintiffs' Complaint should be

dismissed.

## II. PLAINTIFFS' § 1983 CLAIMS FAIL BECAUSE THE DEFENDANTS ARE PRIVATE ENTITIES NOT ACTING UNDER COLOR OF STATE LAW AND BECAUSE PLAINTIFFS' RIGHTS TO DUE PROCESS AND EQUAL PROTECTION WERE NOT VIOLATED.

### A. Defendants are not state actors and not acting under color of law.

The Fourteenth Amendment of the United States Constitution prohibits states from "depriving any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1. The Plaintiffs in this case have sued a private entity. The Plaintiffs have failed to allege an adequate nexus or entwinement with the government to convert this private entity's action into state action. Plaintiff does not allege that there is any shared personnel, that the Defendants acted at the direction of the state, or that Defendants and the state are interdependent and entwined to a high degree.

Plaintiff curiously relies on *Shelton v. Maya Angelou Public Charter School*, 656 F. Supp. 2d 82, (D.D.C. 2009) for the proposition that a D.C. public charter school is a state actor. That issue simply was not before the Court in that case. The case has absolutely no precedential value on the issue.

Plaintiffs' reliance on *Riester* is also misplaced. In that case, the US District Court for the Southern District of Ohio simply looked to the statue creating the "community school" at issue. The Court reiterated the statute, stating: "'[a] community school created under this chapter is a public school independent of any school district, and is part of the state's program of education'. The Court agrees with Plaintiff that this ends the inquiry." *Reister v. Riverside Community Sch.* 257 F. Supp. 2d 968, 972 (S.D. Ohio 2002). The facts alleged in the instant case do not square with the facts of *Riester* at all. Unlike in *Riester,* the statute creating D.C. "public charter

schools" does not make a charter school a "public school." To the contrary, D.C.'s statutory scheme allows for existing public schools and existing private schools to petition to operate as public charter schools. The scheme also allows for the formation of new entities to operate as public charter schools. In none of those circumstances does the D.C. statute convert the public charter school into a "public school."

This Court should follow the sound reasoning in *Rendell-Baker v. Kohn,* 457 U.S. 830, 837 (1982); *Harvey v. Mohammed*, 841 F. Supp. 2d 164 (D.D.C. 2012); and *Caviness v. Horizon Community Learning, Inc.* 590 F. 3d 806 (9th Cir. 2010) and hold that Defendants were not state actors nor acting under color of law.

### B. Plaintiffs failed to allege a violation of substantive due process or equal protection rights.

Assuming *arguendo* that Defendants were state actors or acted under color of law, Plaintiffs nevertheless failed to adequately allege a deprivation of their Constitutional rights to due process or equal protection.

First, the facts alleged in the Complaint do not constitute a violation of Plaintiffs' substantive due process rights. As a general matter, Defendants have no duty to protect Plaintiffs from private harm. Courts have refused to extend the a duty to protect persons beyond the "custodial exception" unless the Defendant has created the danger. Courts have never applied the "custodial exception" or the "state endangerment theory" to schools. It appears that the Plaintiffs have conceded this point. "Plaintiffs are not asserting that the defendants have a constitutional duty to protect plaintiffs from other students under some 'state endangerment theory.'" *Oppo* at 24.

But Plaintiffs nevertheless argue that Defendants failed to adequately train and supervise

their personnel in responding to and preventing sexual assaults and harassment. *Oppo* at 24. Plaintiffs cannot escape the fact that the due process clause will not impose a duty on Defendants to prevent students from harm by other students – whether that harm is the May 19, 2015 incidents or the "resulting harassment." Even if schools could be held responsible under the due process clause for student-on-student harassment, the Defendants' actions alleged in the Complaint are not so egregious or outrageous so as to shock the collective conscience. Therefore, the Complaint fails to allege a violation of Plaintiffs' substantive due process rights.

Second, the Complaint fails to adequately allege a violation of Plaintiffs' equal protection rights. Plaintiffs' Opposition states that "under this equal protection theory, plaintiffs do not need to satisfy the standard of substantive due process . .. . " *Oppo*. at 24. However, the Complaint does not set forth facts sufficient to establish a violation of the Plaintiffs right to equal protection under the law.

The Complaint does not describe any policy, custom, or action that represents an official policy of disparate treatment for females or Plaintiffs. Instead, the Plaintiffs simply allege that the Defendants failed to adequately respond to the Plaintiffs educational needs, failed to adequately investigate, and failed to prevent harassment. The Plaintiff argues there was a "knowing failure to act by a policymaker of actions by his subordinates that are fo consistent to become custom (See Plaintiff's Complaint, ¶ 182)." But the Complaint contains nothing more than "threadbare recitals of the elements of a cause of action" and "mere conclusory statements" which are not sufficient to withstand a motion to dismiss. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). In addition, this Court should not rule such that every alleged violation of Title IX also constitutes a violation of the equal protection clause under § 1983. Therefore, Counts III and IV of the Complaint should be dismissed.

## III. PLAINTIFFS CLAIM FOR GROSS NEGLIGENCE FAILS BECAUSE PLAINTIFFS CANNOT ESTABLISH THAT THE DEFENDANTS ACTED IN BAD FAITH BEFORE OR AFTER THE MAY 19, 2015 INCIDENT.

To prove gross negligence in the District of Columbia, the Plaintiffs must allege that Defendants failed "to exercise even slight care," "such negligence as would shock fair-minded men" or an "extreme departure from the ordinary standard of care." *District of Columbia v. Walker,* 689 A.2d 40, 44 (D.C. 1997)(quoting *Shea v. Fridley,* 123 A.2d 358, 363 (D.C. 1956); *Wager v. Pro,* 195 U.S. App. D.C. 423, 428, 603 F.2d 1005, 1010 (1979)). The Plaintiffs have not done so here. Nor are Plaintiffs' allegations sufficient to demonstrate bad faith on the part of the Defendants or that Defendants disregarded a the risk that was so obvious that Defendants knew that it was highly probable harm would occur. *Id.* at 44-45.

The Defendants were not grossly negligent before the May 19, 2015 incident. Again, there is no allegation that the Defendants knew that E.E and D.B would engage in the conduct alleged; no evidence that Defendants knew that E.E. and D.B. had a propensity for sexual violence and deliberately turned a blind eye. Plaintiffs' argument that the Defendants should have foreseen the harm because of the "history of tragedies that have taken place in public schools" is unavailing and does not create any heightened duty.

Finally, the claim for gross negligence following the May 19, 2015 incident is belied by the factual allegations. The Court should not infer that the Defendants acted in bad faith when Defendants investigated the incident in conjunction with the police, consulted the victims and the victims' parents, considered disciplinary action against the assailants in conjunction with the victims' parents, considered and accommodated Plaintiffs' educational needs by allowing them to complete their studies at home, and considered disciplining alleged harassment by other students. Therefore, the Plaintiffs' claim for gross negligence should be dismissed.

## IV. DEFENDANTS' FAILURE TO SUPERVISE DID NOT PLACE THE PLAINTIFFS IN DANGER OF IMMEDIATE PHYSICAL HARM.

The District of Columbia recognizes the tort of negligent infliction of emotional distress only in very limited circumstances. *Hedgepath v. Whitman Walker Clinic*, 22 A.3d 789 (2011). To recover under this theory, the defendant caused the plaintiff to be in immediate danger of bodily harm and the plaintiff feared for her own safety. *Id*. at 796-97.

The Plaintiff cannot meet the standard on the facts alleged in this Complaint. Quite simply, the Defendants had no knowledge of D.B. or E.E.'s propensity for violence and cannot fairly be charged with placing the Plaintiffs in immediate danger of physical harm simply by failing to ensure supervision of the classroom.

## V. PLAINTIFF FAILED TO ALLEGE ANY ACT OR OMISSION BY DEFENDANT HENSE

The Plaintiffs failed to allege any basis to impose liability on Defendant Hense. The Plaintiffs are correct that D.C. Code §38-1802.04(c)(17)(A) creates qualified immunity for Defendant Hense both personally and professionally for acts or omissions within his official duties. But that statute provides the basis for qualified immunity from liability. It does not, as the Plaintiffs curiously contend, also provide the basis for liability in the first place. No where in the Complaint do Plaintiffs provide specific allegations of acts or omissions by Hense from which a Court would hold him personally or professionally liable.

WHEREFORE for the reasons stated herein, Defendants, by counsel, pursuant to Rule 12 of the Federal Rules of Civil Procedure, respectfully request that this Court dismiss the Plaintiffs' Complaint with prejudice.

Respectfully Submitted,


  /s/_____
Joseph F. Giordano
DC Bar Number: 382286
SEMMES, BOWEN & SEMMES
1577 Spring Hill Rd., Suite 200
Vienna, VA 22182
Telephone: (703) 760-9473
Facsimile: (703) 356-6989
jgiordano@semmes.com
Attorney for Defendants

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of August, 2016 a copy of the foregoing Defendants' Reply to Plaintiff's Opposition to Defendants' Rule 12(b)(6) Motion to Dismiss was served on:

Billy L. Ponds
The Ponds Law Firm
D.C. Bar Number 379883
1250 24th Street N.W.
Suite 300
Washington, D.C. 20007
plfpc@aol.com

　　/s/_____
Joseph F. Giordano, Esq.
DC Bar Number: 382286
SEMMES, BOWEN & SEMMES
1577 Spring Hill Rd., Suite 200
Vienna, VA 22182
Telephone: (703) 760-9473
Facsimile: (703) 356-6989
jgiordano@semmes.com
Attorney for Defendants