## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| **SHELBY GREENE,** | : | |
| | : | |
| **Plaintiff** | : | **Civil Action Number:** |
| | : | **1:16-cv-00901-ESH-DAR** |
| **v.** | : | |
| | : | |
| **DONALD L. HENSE**, *et.al.* | : | |
| | : | |
| **Defendants.** | : | |

==============================

## PLAINTIFF'S MOTION FOR SANCTIONS

Plaintiff Shelby Greene ("Greene"), by and through undersigned counsel, Billy L. Ponds, of The Ponds Law Firm, respectfully submits the Plaintiff's Motion For Sanctions, and requests that this court enter and order sanctioning Defendants pursuant to Fed. R. Civ. P. 37(b) and in addition or in the alternative, pursuant to its inherent authority, for Defendants failure to comply with court discovery orders. In support of this request, Plaintiff states as follows:

### I. RELEVANT FACTS & PROCEDURAL HISTORY

Plaintiff issued its first Request for the Production of Documents to Defense counsel in June 2017. The Defendants gave deficient responses on July 17, 2017. Plaintiff's counsel sent a deficiency letter to Defendants on August 3, 2017.  After notifying the court, Plaintiff briefed a Motion to Compel. Defendants then agreed to produce all contested discovery on the condition that a confidential stipulation was entered on October 19, 2017. (This confidential stipulation functioned, in effect, as a request for a protective order.) When Defendants finally produced sup-plemental discovery, which Defendants represented to be all of the requested materials, Plaintiff then withdrew the Motion to Compel on November 6, 2017.

1

In February of 2018, Plaintiff's counsel learned of outstanding discovery that the defendants did not turn over. Specifically, the depositions of Tamika Maultsby, Lynn Jones, and Peggy Jones, all referenced documents and other evidence which defense counsel did not produce. On February 26, 2018, upon receipt and review of the transcripts, Plaintiff sent a second deficiency letter to defendants, specifically outlining the remaining discovery deficiencies. On March 26th, 2018, Plaintiff sent a follow-up, detailed letter to defense counsel, providing specific citations from deposition transcripts that referred to documents that the defense counsel still had not produced.

On March 29th, 2018, a motions hearing was held, during which the court ordered the Defendants to produce all outstanding documents referenced in the depositions, as well as all school records pertaining to prior incidents of sexual assaults and sexual harassment among students, with the students' names redacted.

Most importantly, in the March 29 hearing, the court issued an order to extend discovery through May 30, 2018. The court was specific and clear in their order about the limitations of this discovery extension, stating that "[d]iscovery during this period shall be limited to the completion of the deposition of Defendant Hense, any expert witnesses, and Defendants Rule 30(b)(6) designee." *Minute Order, March 29, 2018.*

On May 14th, 2018, Plaintiff sent a third deficiency letter to defense counsel, again citing specific deposition transcripts which referred to documents that the defendants had not yet produced. On May 15th, 2018, Defense counsel sent a Notice of Deposition to Plaintiff for the oral deposition of Ms. Katheryn Procope on May 21st, 2018. On May 16th, 2018, Plaintiff's counsel suffered a serious medical injury and spent the day in the Emergency Room. (It was not until May 31st, 2018 that Plaintiff's counsel was cleared by his doctor.)

As a result of his medical emergency, Plaintiff's counsel was unable to attend Ms. Procope's deposition. Plaintiff's counsel intended to object on the record to the deposition before it began; however, on May 21st, 2018, before the deposition began, Plaintiff's counsel notified Defense counsel that he was unable to appear in person due to a recent injury and objected to the deposition of Ms. Procope. Counsel for Defendants, without citing to any legal authority, indicated that he would proceed with the deposition of Ms. Procope in the absence of Plaintiff's counsel despite the objection made by Plaintiff's counsel. Plaintiff's counsel made clear that he would move for sanctions if counsel for Defendants proceeded in his absence.

On June 6th, 2018, a discovery hearing was held. During this hearing, counsel for the Defendants admitted to the court that the court did not allow for the deposition of Ms. Kathryn Procope in the March 29th, 2018 order. During the June 6th hearing, Defense counsel also admitted that the sexual assault document he produced, which consisted of a summary of the sexual assault incidents that Defense counsel prepared from the original schools records, were not the original documents the court required him to produce in its court order on March 29th, 2018.

## II. MEMORANDUM OF LAW

### A) Standard of Review

A court may order sanctions for discovery violations under two separate authorities. "A district court may order sanctions… for misconduct either pursuant to Rule 37(b)(2) of the Federal Rules of Civil Procedure, which authorizes a court to assess a sanction for violation of a discovery order, or pursuant to the court's inherent power to 'protect [its] integrity and prevent abuses of the judicial process.'" *Webb v. The District of Columbia*, 146 F.3d 964, 971 (D.C. Cir. 1998) (Quoting *Shepherd v. American Broadcasting Cos., Inc.*, 62 F.3d 1469, 1481 (D.C. Cir. 1995)).

1. Rule 37 of the Federal Rules of Civil Procedure

When a party fails to cooperate during the course of discovery, the Federal Rules of Civil Procedure allow courts to impose sanctions upon that party. *Burns v. Georgetown Univ. Med. Ctr.*, 106 F. Supp. 3d 238, 240 (D.D.C. 2015) (*See also*: *Davis v. Dist. of Columbia Child & Family Svcs. Agency,* 304 F.R.D. 51, 59 (D.D.C.2014)). Specifically, Rule 37(b) of the Federal Rules of Civil Procedure "sets forth specific guidelines for the imposition of sanctions when a party fails to disclose information or witnesses, answer interrogatories, attend a deposition, or comply with a court order." *Id. (See also:* Fed. R. Civ. P. 37(b)(2). A district court has broad discretion to impose sanctions for discovery violations. *Id.* (*See also*: *Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 642–43 (1976) (per curiam)). "The plain language of Rule 37(b) requires the moving party to demonstrate that (1) there is a discovery order in place, and (2) that the discovery order was violated." *Embassy of the Fed. Republic of Nigeria, 945 F. Supp. 2d 81 at 3*; Citing *D.L. v. D.C.,* 274 F.R.D. 320, 325 (D.D.C. 2011).

"The central requirement of Rule 37 is that any sanction must be just." *Bonds v. Dist. of Columbia,* 93 F.3d 801, 808 (D.C.Cir.1996); Quoting *Insurance Corp. v. Compagnie des Bauxites de Guinée*, 456 U.S. 694, 707 (1982) (internal quotations omitted). "As such, 'The choice of sanction should be guided by the concept of proportionality between offense and sanction.'" *Alvarado v. Rainbow Inn, Inc.,* Case No. 15-cv-425*(GMH)*, P.3 (D.D.C. Nov. 19, 2015) (Citing *Bonds,* 93 F.3d at 808*)*. To justify severe sanctions, the district court must show that it considered whether lesser sections would have been more appropriate for the violation at hand. *Burns,* 106 F. Supp. 3d at 240.

2. The court's inherent power to impose sanctions.

The remedies drawn upon under the court's inherent power "should be exercised only when the rules do not provide the court with sufficient authority to protect their integrity and to prevent abuses of the judicial process." *Shepherd v. ABC, Inc.*, 62 F.3d 1469, 1474 (D.C. Cir. 1995). (Quoting *Chambers v. NASCO, Inc.,*501 U.S. 32, 46,111 S.Ct. 2123,115 L.Ed.2d 27 (1991)). Therefore, when a discovery order has been violated, the court should turn to its inherent powers only as a secondary measure. *Cobell v. Babbitt*, 37 F. Supp. 2d 6, 11 (D.D.C. 1999).

"In addition to sanctions contemplated by the Federal Rules of Civil Procedure, courts have an inherent power at common law . . . to 'protect their institutional integrity and to guard against abuses of the judicial process with contempt citations, fines, awards of attorneys' fees, and such other orders and sanctions as they find necessary, including even dismissals and default judgments.'" *Parsi v. Daioleslam*, 778 F.3d 116, 130 (D.C. Cir. 2015) (quoting *Shepherd v. Am. Broadcasting Cos., Inc.*, 62 F.3d 1469, 1472 (D.C. Cir. 1995), citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)) (S*ee also: Armstrong v. Exec. Office of the President, Office of Admin.*, 1 F.3d 1274, 1289 (D.C. Cir. 1993); *U.S. Bank Nat'l Ass'n v. Poblete*, Civil Action No. 15-00312 (BAH), P.4, (D.D.C. Oct. 19, 2017)).

The Court must find clear and convincing evidence of bad faith in order to use its inherent power to award attorneys' fees and impose fines. *Parsi v. Daioleslam*, 778 F.3d 116, 131 (D.C. Cir. 2015). Bad faith "may be found where a party, confronted with a clear statutory or judicially-imposed duty towards another, is so recalcitrant in performing that duty that the injured party is forced to undertake otherwise unnecessary litigation to vindicate plain legal rights." *Am. Hosp. Ass'n v. Sullivan* , 938 F.2d 216, 220 (D.C. Cir. 1991) (quotation marks omitted). The

5

clear and convincing standard requires the court to review each party's pile of evidence and arrive at a "firm conviction of the truth on the evidence about which he or she is certain." *Parsi*, 778 F.3d 116 at 131. (*See also*: *United States v. Montague*, 40 F.3d 1251, 1255 (D.C.Cir.1994)). Issue-related sanctions that are fundamentally punitive and do not preclude a trial on the merits require "a showing that the sanctioned party resisted discovery by a preponderance of the evidence." *Parsi,* 778 F.3d 116 at 131; Citing *Shepherd*, 62 F.3d at 1478.

## B) Argument

Sanctions are divided into two categories: penal sanctions and issue-related sanctions. *3E Mobile, LLC v. Global Cellular, Inc.*, 222 F. Supp. 3d 50, 53 (D. D.C., 2016). Selecting appropriate sanctions is "necessarily a highly fact-based determination based on the course of the discovery process leading up to the sanction" *Bonds*, 93 F.3d at 804. "When selecting the appropriate sanction, the Court must properly calibrate the scales to ensure that the gravity of an inherent power sanction corresponds to the misconduct." *Davis*, 304 F.R.D. 51 at 60. Sanctions can be justified for both remedial and punitive purposes. (*See, e.g.*: *Perkinson v. Gilbert/Robinson, Inc*, 821 F.2d 686, 691 n.6 (D.C. Cir. 1987) ("even if the award overcompensated plaintiff for unnecessary expenses caused by defendant, it could still have been justified for punitive and deterrent purposes."); *Hamilton v. Ford Motor Co.,* 636 F.2d 745, 747 (D.C. Cir. 1980) ("Principal purpose of Rule 37(b) is punitive, not compensatory.")). "Discovery sanctions under Rule 37(b) are intended to be punitive as well as compensatory and to serve as a general, as well as a specific, deterrent." *Edwards v. Climate Conditioning*, 942 A.2d 1148, 1154 (D.C. 2008).

Plaintiff seeks both penal and issue-related sanctions against Defense counsel for the discovery violation of taking the deposition of Ms. Katheryne Procope. There is clear and convincing evidence that Defendants consciously engaged in misconduct by taking the deposition of Ms.

Procope without sufficient justification, thus it would be appropriate for the court to impose the monetary and issue-based sanctions Plaintiff requests under Rule 37(b) of the Federal Rules of Civil Procedure. There is also clear and convincing evidence that Defendants engaged in this misconduct in bad faith, thus it would be appropriate for the court to impose the monetary and issue-based sanctions Plaintiff requests under the court's inherent powers. Moreover, Plaintiff also asserts that the court can impose these sanctions, as they are not severe sanctions, but even assuming *arguendo* that they were, the requested sanctions would satisfy the *Bonds* test and are proportionate to the Defendants' discovery violation.

Consistent with Rule 37(b) and the court's inherent powers, Plaintiff requests the that the court sanction the Defendants for its discovery violations in the following ways: 1) Prevent the Defendants from using any evidence obtained from the deposition and/or testimony of Ms. Katheryn Procope in a motion for summary judgment. 2) Prevent the Defendants from using any evidence obtained from the deposition and/or testimony of Ms. Katheryn Procope at trial. 3) Prevent the Defendants from calling Ms. Katherine Procope as a witness at trial. 4) Prevent the Defendants from entering any affidavit or declaration signed by Ms. Katherine Procope as evidence for use in any dispositive motion. 5) In the event that Plaintiff chooses to call Ms. Katherine Procope as a witness at trial, prevent the Defendant from cross-examining Ms. Procope at any stage during the trial. 6) The costs and attorneys fees[1] associated with: a) Plaintiff obtaining a copy of the deposition transcript of Ms. Katheryn Procope, b) The phone call objection to the deposition of Ms. Katheryn Procope, c) The travel time to and from the place of deposition to object the deposition of Ms. Katheryn Procope, d) Plaintiff's costs and attorneys fees related to this motion.

---

[1] Should this court award costs and attorneys fees, Plaintiff will file an affidavit and supporting invoices for the costs and attorneys fees sought.

### 1. Penal Sanctions under Rule 37(b) of the Federal Rules of Civil Procedure.

For those sanctions that "are fundamentally penal—dismissals and default judgments, as well as contempt orders, awards of attorneys' fees, and the imposition of fines—the district court must find clear and convincing evidence of the predicate misconduct." *Shepherd v. Am. Broadcasting Cos., Inc.*, 62 F.3d 1469, 1478 (D.C. Cir. 1995). Rule 37(b) states that the court "must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Fed. R. Civ. P. 37(b)(2)(C)*. "There is no requirement that [a] failure [to comply with discovery] be willful or malicious; a conscious [or negligent] failure to comply is sufficient." *Edwards*, 942 A.2d 1148 at 1153 (D.C. 2008) (Citing *Firestone v. Harris*, 414 A.2d 526, 527 (D.C. 1980)).[2]

D.C. Courts have consistently applied monetary sanctions for discovery violations. (*See, e.g.: Edwards*, 942 A.2d 1148 at 1153 (Upholding monetary discovery sanctions against Plaintiff even when Plaintiff submitted remaining discovery a few days after the discovery deadline had passed.); *Parsi*, 778 F.3d 116, 131 (D.C. Cir. 2015); *Perry v. Sera*, 623 A.2d 1210 (D.C. 1993) (Holding that violations of discovery scheduling orders invoke Rule 37(b)(2) sanctions.)) Likewise, it is also appropriate to impose monetary sanctions on a party's legal counsel. *Shea v. Donohoe Const. Co., Inc*, 795 F.2d 1071, 1075 (D.C. Cir. 1986) (noting that "the court may order the guilty counsel to pay a designated amount to the other party to cover his costs and inconvenience" and that the costs incurred by the defendant "can be adequately compensated by requiring Shea's attorneys to pay those fees, or any other amount that the District Court determines to be just compensation".)

---

[2] Rule 37(b) of the District of Columbia Rules of Civil Procedure is identical to Rule 37(b) of the Federal Rules of Civil Procedure.

i. There is clear and convincing evidence that Defendants consciously engaged in misconduct by taking the deposition of Ms. Procope, thus it would be appropriate for the court to impose monetary sanctions.

The plain language of Rule 37(b) requires the moving party to demonstrate that a discovery order was in place, and that the discovery order was violated. *Embassy of the Fed. Republic of Nigeria*, 945 F. Supp. 2d 81 at 3. In this case, Plaintiff establishes these requirements easily: The fact that Defense counsel conducted a deposition of Ms. Procope is undisputed. Moreover, the fact that Defense counsel violated the court's March 29 Order by conducting the deposition of Ms. Procope is also undisputed.

The court's March 29, 2018 discovery order read, in relevant part, "the deadline for the close of discovery is extended by 30 days, through May 30, 2018. Discovery during this period shall be limited to the completion of the deposition of Defendant Hense, any expert witnesses, and Defendants Rule 30(b)(6) designee." *Minute Order, March 29, 2018.*

The court's discovery order was violated on May 21st, 2018, when Defense counsel conducted a deposition of Kathryn Procope. Kathryn Procope is not an expert witness, is not a Rule 30(b)(6) designee, and certainly is not Defendant Donald Hense. Ms. Procope is a third party witness.  Defense counsel, who was present when the court set the deposition schedule, admitted in the most recent discovery hearing on June 6th, 2018, that the court's March 29, 2018 order did not allow for the deposition of Ms. Procope to be taken. Consequently, there is no way for Defense counsel to justify its misconduct, as it both consciously and negligently failed to follow the published Court Order. Thus, there is clear and convincing evidence that Defense counsel engaged in misconduct and violated the court's March 29 discovery order, and that the failure was

not substantially justified. As such, the court "must order the disobedient party . . . to pay the reasonable expenses, including attorney's fees, caused by the failure." *Fed. R. Civ. P. 37(b)(2)(C)*.

It would not be unjust for the court to award the expenses requested in this motion as a result of the defense counsel's misconduct. The pivotal requirement of Rule 37(b) is that the court's sanctions be just. *Bonds,* 93 F.3d at 808. Requiring Defense counsel to refund Plaintiff for the expenses it imposed on Plaintiff by conducting a deposition that Defense counsel never should have conducted in the first place is certainly just and reasonable.

Should the court find that the sanctions requested go beyond what is authorized by Rule 37(b), when rules alone do not provide courts with sufficient authority to protect their integrity and prevent abuses of the judicial process the court's inherent power fills the gap. *Shepherd*, 62 F.3d 1469 at 1474. (*See also: Chambers v. NASCO, Inc.,* 501 U.S. 32, 46 (1991)).

## 2. Penal Sanctions under the Court's Inherent Authority.

The Court must find clear and convincing evidence of bad faith in order to use its inherent power to award penal sanctions such as attorneys' fees and impose fines. *Parsi v. Daioleslam*, 778 F.3d 116, 131 (D.C. Cir. 2015). Bad faith "may be found where a party, confronted with a clear statutory or judicially-imposed duty towards another, is so recalcitrant in performing that duty that the injured party is forced to undertake otherwise unnecessary litigation to vindicate plain legal rights." *Am. Hosp. Ass'n v. Sullivan*, 938 F.2d 216, 220 (D.C. Cir. 1991); *See also Fritz v. Honda Motor Co.*, 818 F.2d 924, 925 (D.C. Cir. 1987) (Litigant sanctioned for discovery-related misconduct which included improperly taking a deposition).

i. There is clear and convincing evidence that Defense counsel violated the rules of discovery by taking the deposition of Ms. Procope in bad faith, thus it would be appropriate for the court to impose monetary sanctions upon Defense counsel under its inherent authority.

Defense counsel's discovery violation was carried out in bad faith. Plaintiff cites a full procedural history of Defense counsel's perpetual violations of the rules of discovery in this motion for the sole purpose of establishing that Ms. Procope's deposition was conducted in bad faith. *"*[P]ersistent failure to comply with discovery and discovery-related orders can be viewed as willful where multiple warnings and second chances have been given." *Dinkel v. Medstar Health Inc.*, Civil Action No. 11-0998 (CKK) (D.D.C. Jun. 26, 2014). (Citing *Arias v. DynCorp Aerospace Operations, LLC,* 677 F.Supp.2d 330, 332 (D.D.C. 2010), *aff'd sub nom, Arias v. DynCorp,* --- F.3d ----, 2014 WL 2219109 (D.C. Cir. May 30, 2014)). (*See also: Handy v. Shaw, Bransford, Veilleux & Roth,* No. 00-cv-2336, 2006 WL 3791387, at *8 (D.D.C. Dec. 22, 2006) ("[I]n light of the multiple warnings and second-chances that Plaintiff has been given, her persistent failure to comply with discovery and discovery-related Orders by this Court and Magistrate Judge Kay cannot be viewed as anything other than willful.")) While Plaintiff does not request that this court issue dismissal sanctions, these cases highlight the relevancy of a party's prior acts of misconduct when deciding appropriate punishments and remedies in the present case.

It is no innocent mistake on the part of Defense counsel that they violated the rules of discovery by deposing Ms. Procope, especially considering that Defense counsel, on numerous occasions, has refused to comply with the rules of discovery in the past. Defense counsel was present at the March 29, 2018 hearing, in which the court limited discovery to three specific areas, and the March 29, 2018 court order was published and accessible to all parties, including Defense counsel. Moreover, Defense counsel knew that Plaintiff's counsel would not be able to attend the deposition due to injury, listened to Plaintiff's objection to the deposition, and consciously proceeded with conducting the deposition of Ms. Procope.

The court has been clear about its discovery orders and deadlines since June of 2017, yet Defendants have refused to comply with them on multiple occasions. On March 29, 2018, the court ordered Defendants to turn over all school records pertaining to all past incidents of sexual harassment and assault at the Academy. Defendants disregarded this order and instead decided to create their own exhibit, drafted by Defendants for the purposes of this litigation, which narrowly summarized information contained in the original school records pertaining to sexual harassment and sexual assaults. Defendants intentionally created a three (3) page spreadsheet instead of fully complying with the court's order. This was done after the parties conferred via counsel at least two times on the issue, and after the court issued a clear order. Defendants cited no authority in support of producing this type of summary in lieu of the records requested and ordered to be produced. This is type of violation was certainly made willfully and in bad faith. It is a history of violations similar these, combined with the clarity of the Court's March 29 order restricting discovery to three specific areas, which provide clear and convincing evidence that counsel for the Defense conducted the deposition of Ms. Procope in bad faith.

### 3. Issue-related Sanctions under Rule 37(b) of the Federal Rules of Civil Procedure.

Issue-related sanctions include adverse evidentiary determinations, such as adverse findings of fact and precluding the admission of evidence. *Shepherd*, 62 F.3d 1469 at 1475. A court may impose issue-related sanctions "after finding by a preponderance of the evidence that the alleged misconduct occurred." *Johnson v. BAE Sys., Inc.*, 307 F.R.D. 220, 224 (D.D.C. 2013). "When considering possible penalties, the Court must remain cautious that any alternative sanctions ordered in lieu of dismissal [do] not effectively amount to a default judgment." *Davis*, 304 F.R.D. at 62 (citing *Hildebrandt v. Vilsack* , 287 F.R.D. 88, 97 (D.D.C. 2012)).

i. Issue-related sanctions are appropriate for defense counsel's violation of Rule 37 of the Federal Civil Procedures.

The deposition of Ms. Procope should never have been taken, thus it would be appropriate for the court to preclude the defense from using any evidence obtained from Ms. Procope at any point throughout this case, and to further prevent defense counsel from cross-examining Ms. Procope.  "Excluding evidence…is a permissible response to discovery order violations in certain circumstances." *Group v. Librarian of Cong.*, 792 F.3d 132, 139 (D.C. Cir. 2015) (*See also: Perdue Farms, Inc., Cookin' Good Division v. National Labor Relations Board,* 144 F.3d 830, 834 (D.C.Cir.1998); *cf.* Fed.R.Civ.P. 37(b)(2)(A) (Listing exclusion of evidence as acceptable sanction for failure to comply with discovery order.))

The preclusion of evidence requested in this motion is appropriate given the preponderance of undisputed evidence that counsel for the Defense engaged in discovery misconduct by violating the court's March 29 order through deposing Ms. Procope.

ii. The requested Issue-Related sanctions, although not severe, survive the *Bonds* test.

"In determining whether a severe sanction is justified, the district court may consider the resulting prejudice to the other party, any prejudice to the judicial system, and the need to deter similar misconduct in the future." *Bonds v. Dist. of Columbia,* 93 F.3d 801, 808 (D.C.Cir.1996) *Bonds* holds that when considering whether a severe sanction is more appropriate than a lesser one, a court should consider three factors: 1) the effect of a party's contumacious conduct on the court's docket, 2) whether the the party's behavior has prejudiced the opposing party, and 3) whether deterrence is necessary to protect the integrity of the judicial system. *Id. Bonds* also warns that while preclusion sanctions are not facially severe, if effectively lead to default or dismissal, or a one-sided trial, they should be considered severe. *Bonds,* 93 F.3d at 809. Moreover,

the court's choice of sanction should be proportional to the offense. *Id.* (*See also*: *Alvarado, Case No. 15-cv-425 (GMH))*. A preclusion sanction such as the one Plaintiff requests is not a severe sanction. *Moore v. Napolitano*, Civil Action No. 00-953 (RWR/DAR). (D.D.C. Aug. 7, 2009) ("The preclusion sanction issued for failure to comply with a discovery production deadline set in a magistrate judge's order far from being severe is a wholly unexceptional remedy that is contemplated in the federal rules.") While Plaintiff maintains that the sanctions it requests in the present motion are not severe, even assuming *arguendo* that they were, Plaintiff asserts that the requested sanctions would survive a *Bonds* analysis. *See Moore v. Napolitano*, 723 F. Supp. 2d 167, 27 (D.D.C. 2010) (Magistrate judge applying a *Bonds* analysis to sanctions she determined were neither severe nor litigation-ending, ultimately finding that the Defendant's conduct caused prejudice to the plaintiffs and disrespected the court, and consequently finding that there was a need to deter the defendant's willful violation.)

Plaintiff makes these requests for sanctions to cure the prejudice that would arise from the deposition of Ms. Procope that Defendants took in the absence of Plaintiff's counsel. In conducting this deposition, the Defendants created a coercive environment by abusing the subpoena power to coerce witness testimony. Ms. Procope has been influenced by defendants being able to interrogate her ex-parte, and future testimony that she might provide has been tainted.

In addition to serving as a remedial measure, sanctions can also be used for preventative purposes. Sanctions are used as a deterrent to protect the integrity of the court. Since June 2017, Defendants have ignored the rules of discovery and tried to withhold numerous relevant documents. Defendants ignored the court's order on March 29, 2018 to turn over all discovery documents to which deponents referred in their depositions. When questioned by the court in the June 6, 2018 discovery hearing as to why Defendants had not turned over all of the discovery the

court ordered them to produce, counsel for the Defense engaged in fruitless wrangling with the court, using sly technicalities in his wording to avoid acknowledging what he ultimately admitted to the court: that he did not turn over all of the documents to which the deponents referred, as the court had ordered him to do on March 29, 2018.

Also in this June 6, 2018 discovery hearing, counsel for the Defense tried to convince the court that a document the Defense counsel had created summarizing school incidents about sexual harassment was an acceptable substitution for the original school records the court had ordered the Defendants to produce on March 29th, 2018. From Defense counsel's track record, it is clear that they do not intend to comply with the rules of discovery. "If parties [were] allowed to flout their obligations, choosing to wait to make a response until a trial court has lost patience with them, the effect [would] be to embroil trial judges in day-to-day supervision of discovery, a result directly contrary to the overall scheme of the discovery rules." *Edwards v. Climate Conditioning*, 942 A.2d 1148, 1153 (D.C. 2008) (Citing *Dellums v. Powell*, 184 U.S.App. D.C. 339, 343-44 (1977)).

These incidents, along with Defendants' misconduct in discovery that has been ongoing since June 2017, demonstrates Defendants have expressed complete disregard for the integrity of the court, and that deterrence in the form of the sanctions noted this motion for the Defendants' deposition violation is required so that the integrity of the court is not continually compromised throughout the remainder of this case and so that this case can continue in a timely manner, preserving judicial resources and preventing prejudice to other litigants utilizing the court system.

There is much more to Defendants' case than just Ms. Procope's testimony. Ms. Procope is a third-party witness, one of 33 individuals likely to have discoverable information Defense counsel lists in its Rule 26 (a) (1) Initial Disclosures, and someone Defendants' attempted to call

for a deposition at the eleventh hour. Thus, the preclusion of Ms. Procope's testimony would not effectively be litigation-ending, would not be overly prejudicial to Defendants and is an appropriate sanction.

### III. CONCLUSION

For the reasons stated therein, Plaintiff requests that the court sanction the Defendants for its discovery violations in the following ways: 1) Prevent the Defendants from using any evidence obtained from the deposition and/or testimony of Ms. Katheryn Procope in a motion for summary judgment. 2)  Prevent the Defendants from using any evidence obtained from the deposition and/or testimony of Ms. Katheryn Procope at trial. 3) Prevent the Defendants from calling Ms. Katherine Procope as a witness at trial. 4) Prevent the Defendants from entering an affidavit or declaration signed by Ms. Katherine Procope as evidence for use in any dispositive motion. 5) In the event that Plaintiff chooses to call Ms. Katherine Procope as a witness at trial, prevent the Defendant from cross-examining Ms. Procope at any stage during the trial. 6) The costs and attorneys fees associated with: a) Plaintiff obtaining a copy of the deposition transcript of Ms. Katheryn Procope, b) The phone call objection to the deposition of Ms. Katheryn Procope, c) The travel time to and from the place of deposition to object the deposition of Ms. Katheryn Procope, d) All costs and attorneys fees associate with his motion for sanctions .7) Any additional sanctions the court deems just and necessary.

Shelby Greene
By Counsel

Respectfully submitted,

/s/ Billy L. Ponds
Billy L. Ponds
The Ponds Law Firm
Bar Number 379883
2101 L Street, NW

16

Suite 400
Washington, D.C. 20037
Telephone Number: 202-333-2922
Facsimile: 202-333-4114
Email: plfpc@aol.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the Plaintiff's Motion For Sanctions, was sent via the court's Electronic Case Management filing system to counsel for Defendants, Lauren E. Baum l.baum@laurenbaumlaw.com, Marc Casarino casarinom@whiteandwilliams.com and Nicholas Wynn wynnn@whiteandwilliams.com on this 15th day of June 2018.

/s/ Billy L. Ponds
Billy L. Ponds