**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SHELBY GREENE,

     Plaintiff,

    v.

DONALD L. HENSE, *et al.*,

     Defendant.

Civil Action No. 16-00901
ESH/DAR

## <u>MEMORANDUM ORDER</u>

In August 2017, this action was referred to the undersigned United States Magistrate Judge for the management of discovery. At the time of the referral, discovery disputes were pending, and the assigned District Judge anticipated that the plaintiffs who then were parties to this action would soon file a motion to compel. *See* 08/24/2017 Minute Order. Unfortunately, for the next twelve months, discovery disputes – largely disputes arising from Defendants' failures to provide discovery in accordance with the applicable Federal Rules of Civil Procedure and the orders of the undersigned – were the dominate feature of the pretrial proceedings in this action.

The deadline for the close of discovery has passed, and Defendants have filed a motion for summary judgment in accordance with the court's scheduling order. *See* Defendants' Motion for Summary Judgment (ECF No. 99). However, Plaintiff's motions for discovery sanctions were pending at the time Defendants filed their motion for summary judgment. Among the sanctions which Plaintiff requests are costs, and, should this action proceed to trial, jury instructions with respect to adverse inferences as to certain documents and an order precluding Defendants from offering evidence as to designated matters.

Greene v. Hense, et al.

Were these the only sanctions requested, the undersigned likely would determine whether or not Plaintiff was entitled to her costs, and stay consideration of the remaining requests until the District Judge's determination of Defendants' motion for summary judgment.  However, Plaintiff also requests – in the District Judge's evaluation of Defendants' motion for summary judgment – (1) a preclusion sanction, and (2) an adverse inference. Plaintiff's Motion for Sanctions (ECF No. 83) at 13 ("[I]t would be appropriate for the court to preclude the defense from using any evidence obtained from Ms. [Kathryn] Procope at any point throughout this case[.]");[1] Plaintiff's Second Motion for Sanctions (ECF No. 92) at 3 ("5.  Provide Plaintiff with an inference at Summary Judgment that, had Defendants produced the discovery withheld, it would have demonstrated deficiencies in Defendants' responses to prior [incidents] of sexual assault/harassment[.]").[2]  Thus, the undersigned, at this time, must determine whether or not Plaintiff has demonstrated – in the context of the evaluation of Defendants' motion for summary judgment – that either the preclusion sanction, or the adverse inference, is warranted.

**DISCUSSION**

The authority governing the imposition of sanctions for violation of the rules and orders governing the conduct of discovery is provided by Rule 37 of the Federal Rules of Civil Procedure.

---

[1] Defendants identify Ms. Procope as a former administrator at Defendant Friendship Academy at the time of the occurrences which are the subject of this action.  Defendants rely upon Ms. Procope in support of their motion for summary judgment, *see* [Defendants'] Statement of Material Facts as to Which There is No Genuine Issue of Material Fact [sic] (ECF No. 99-2), ¶¶ 33-36, 59; however, Defendants do not offer the transcript of the deposition of Ms. Procope as an exhibit, and instead, offer only her affidavit (ECF No. 99-12).

[2] Defendants, in their motion for summary judgment, indeed offer the argument, among others, that "Plaintiff has not established that Defendants had a 'custom' of not responding to sexual assault/harassment allegations."  *See* Defendants' Memorandum of Points and Authorities in Support of Their Motion for Summary Judgment (ECF No. 99-1) at 26-27.  Plaintiff's reference to "the discovery withheld" is to the records of prior allegations of sexual assault and sexual harassment which the undersigned, on March 29, 2018, ordered Defendants to produce.  Plaintiff's Second Motion for Sanctions at 2-3.  Plaintiff represents that as of the filing of her second motion for sanctions, Defendant's had yet to comply.  *Id.*  Defendants seemingly acknowledge their noncompliance with the undersigned's order, but offer as an explanation that their noncompliance was inadvertent.  Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff's Second Motion for Sanctions (ECF No. 96) at 1-2, 7.

Greene v. Hense, et al.

That Rule provides that a court may impose sanctions against a party "that 'fails to obey an order to provide or permit discovery,' including a scheduling order issued under Rule 26(f)." *McNair v. District of Columbia*, 325 F.R.D. 20, 21 (D.D.C. 2018) (citing Fed. R. Civ. P. 37(b)(2)(A)); *see also Nunnally v. District of Columbia*, 243 F. Supp. 3d 55, 72 (D.D.C. 2017) ("Rule 37(b) of the Federal Rules of Civil Procedure authorizes federal district courts to impose sanctions when a party fails to obey a discovery order."). The enumerated sanctions for which Rule 37 expressly provides range from "directing that . . . designated facts be taken as established for the purposes of the action[,]" to "rendering a default judgment against the disobedient party." *McNair,* 325 F.R.D. at 21 (citing Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii)).

This Court continues to look to *Bonds v. District of Columbia*, 93 F.3d 801 (D.C. Cir. 1996), for guidance with respect to the "central requirement" that a Rule 37 sanction be "just." *Id*. at 808.   In *Bonds*, the Circuit held that "[t]he choice of sanction should be guided by the 'concept of proportionality' between offense and sanction." *Id.* (citations omitted).[3]

This Court recently observed that "[t]he decision to grant or deny a motion to strike [an exhibit offered in support of a motion for summary judgment] is vested in the trial judge's sound discretion, . . . and [the] moving party 'bears a heavy burden as courts generally disfavor motions to strike[.]'" *Sacchetti v. Gallaudet University*, Civ. Action No. 15-455, 2018 WL 5464795, at *12 (D.D.C. Oct. 29, 2018) (citations and internal quotation marks omitted); *cf. Shatsky v. Syrian Arab Republic*, 312 F.R.D. 219, 223 (D.D.C. 2015) (preclusion of documents in support of a motion for summary judgment, including 73 "late-disclosed" documents, is "necessary to

---

[3] The undersigned has omitted the discussion in *Bonds* concerning "severe" or "litigation-ending" sanctions, *see id.*, as Plaintiff, in the instant action, does not request sanctions fairly characterized by such terms.

Greene v. Hense, et al.

remediate the considerable prejudice to [the opposing parties] and deter future misconduct in this litigation.")

Rule 37(c) of the Federal Rules of Civil Procedure expressly provides, in pertinent part, that if a party fails to provide information or identify a witness as required by 26(a) or (e), "the party is not allowed to use that information or witness to supply evidence on a motion, . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). However, the circumstances upon which Plaintiff's motions for Rule 37 sanctions precluding Defendants from relying upon Ms. Procope, and providing for an adverse inference, are predicated are not expressly addressed in Rule 37. Thus, the undersigned concludes that determination of the requests for sanctions which relate to the evaluation of Defendants' pending motion for summary judgment must be guided by the broad principles governing a court's discretion with respect to discovery sanctions.

Upon consideration of these broad principles, the undersigned concludes that Plaintiff's request for Rule 37 sanctions in the form of (1) a preclusion sanction and (2) an adverse inference – to be applied by the District Judge in her evaluation of Defendants' motion for summary judgment – would be inconsistent with "the 'concept of proportionality' between offense and sanction." The undersigned finds, instead, that the sanction consistent with this concept is an order (1) denying without prejudice Plaintiff's requests for the preclusion sanction and an adverse inference in the evaluation of Defendants' motion for summary judgment; (2) requiring Defendants – at their expense – to re-take the deposition of Ms. Procope by a date certain, at a time Plaintiff's lead counsel of record is able to attend; (3) providing an opportunity for Plaintiff to supplement her opposition to Defendants' motion for summary judgment, and, in the interim – subject to the approval of the District Judge – staying further consideration of Defendants' motion

4

Greene v. Hense, et al.

for summary judgment, and (4) awarding Plaintiff her costs associated with the first of the two motions for sanctions.[4]  In so finding, the undersigned has concluded that the more sever sanctions requested by Plaintiff are neither "necessary to avoid prejudice" to Plaintiff, nor "supported by a finding of flagrant or egregious misconduct."  *Shatsky*, 312 F.R.D. at 226 (citations and internal quotation marks omitted); *cf. Burns v. Georgetown University Medical Center*, 106 F. Supp. 3d 238, 242 (D.D.C. 2015) (harm caused by inadequate disclosures can be cured by permitting further limited discovery where briefing of dispositive motions not yet accomplished, and no trial date set).[5]

The undersigned will further order that the counsel for the parties shall immediately confer in an effort to agree upon the earliest practical date – but no later than January 18, 2019 – for the re-deposition of Ms. Procope.

Next, the undersigned will order that Plaintiff shall supplement her opposition to Defendants' motion for summary judgment, if at all, in no more than 21 calendar days from the

---

[4] As to that motion, Defendants "acknowledg[e] that Ms. Procope's deposition may have exceeded the scope of discovery as outlined by the March 29, 2018 order of the Court[.]" Defendants' Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Sanctions (ECF No. 84) at 5.  Indeed, Defendants propose that this court "order the [Defendants] to renotice Ms. Procope for a continuation of her deposition to allow Plaintiff the opportunity to question her."  *Id*. at 8.  Defendants, in their opposition to Plaintiff's first motion to compel, omit any response to Plaintiff's request for an award of the cost of moving for sanctions.

[5]  The undersigned observes that Plaintiff offers no authority directly supporting her request for an adverse inference as a sanction.  The undersigned's finding that the sanction for which the instant order provides is the one consistent with the "concept of proportionality" obviates the need for discussion herein of the circumstances in which an adverse inference may be appropriate; nonetheless, the undersigned finds that an adverse inference is not warranted at this time. *See, e.g., Clarke v. Washington Metropolitan Area Transit Authority*, 904 F. Supp. 2d 11, 21 (D.D.C. 2012) (an issue-related sanction such as an adverse inference may be warranted where the party having control over the evidence at issue had an obligation to preserve it when it was altered or destroyed; the alteration or destruction was accompanied by "a culpable state of mind'; the evidence which was lost or destroyed was relevant to a claim or defense of the party who sought it, and the trier of fact has a basis upon which to conclude that the altered or destroyed evidence would have supported the claim or defense of the party who sought the evidence) (citation omitted).  In the summary judgment context, "even when spoliated evidence may have been favorable to the [party moving for an adverse inference], the adverse inference must also 'be sufficient to create a genuine issue of material fact' in order to avoid summary judgment." *Clemmons v. Academy for Educational Development*, 107 F. Supp. 3d 100, 133 (D.D.C. 2015) (citation omitted).

5

Greene v. Hense, et al.

date on which the transcript of the re-deposition of Ms. Procope is provided by Defendants – at their expense – to counsel for Plaintiff.

Finally, the undersigned will stay consideration of Plaintiff's remaining requests for sanctions pending the determination by the assigned District Judge of Defendants' motion for summary judgment.

It is, this 13th day of December, 2018,

**SO ORDERED.**

_____
DEBORAH A. ROBINSON
United States Magistrate Judge

6